UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 12-203-DLB

CURTIS PACE and BETHANY PARKER, Administratrix of the
ESTATE OF CAROLYN S. PARKER                                                    PLAINTIFFS


V.                              **MEMORANDUM ORDER**


CSX TRANSPORTATION, INC., Unknown Operator of
CSX Train individually, and as agent, servant and
employee of CSX Transportation, Inc,
& Any Unknown Defendants                                                       DEFENDANTS

**********

This matter is before the Court upon Plaintiffs' motion to remand the case to Harlan Circuit Court (Doc. # 3). At the Court's request, the parties were directed to file memoranda specifically addressing whether a judgment may be entered against both an individual defendant and Defendant CSX if Plaintiffs were to establish that the individual defendant was negligent while acting within the scope of his employment. Defendant CSX was also directed to file a Notice reflecting the citizenship of certain CSX employees who were identified in a prior interrogatory. Those filings having been made (Docs. # 9-11), the motion to remand is ripe for review. Because the citizenship of the defendants which have been named is diverse from that of the plaintiffs, the Plaintiffs' motion to remand must be **denied**.

In their motion to remand, Plaintiffs allege that Defendant CSX Transportation (CSX) was negligent in its operation of the train, and that negligence was a substantial factor in

1

the death of Carolyn Parker and injuries sustained by Curtis Pace. The complaint also names the "unknown operator of the CSX train" and "any unknown defendants." All plaintiffs are citizens of Kentucky. Defendant CSX Transportation is a Virginia corporation with its principal place of business in Jacksonville, Florida. Through discovery the parties have identified the "unknown operator of the CSX train" as John Kiser, the locomotive engineer. Mr. Kiser is citizen of Tennessee (Doc. # 10). Although several other CSX employees have been identified in discovery as potential witnesses[1] to the accident, the complaint contains no allegations against any of these individuals. As a result, the fact that these witnesses are citizens of Kentucky does not destroy diversity in this case.

Defendants are permitted to remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all *named* defendants, and no defendant is a citizen of the forum state. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 85 (2005). Additionally, the Court's diversity jurisdiction is determined at the time the notice of removal is filed. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Here, all named defendants were diverse from all plaintiffs at that time. The Court, therefore, concludes that Defendants have carried their burden of establishing proper removal jurisdiction. *Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 871-72 (6th Cir. 2000).

For these reasons, Plaintiffs' motion to remand (Doc. # 3) is **denied**.

---

[1] Those individuals include Mitchel C. Short, CSX Conductor, Adam L. Harris, CSX Trainman, and Marcus B. Fox, CSX Trainmaster. Each of these individuals are citizens of Kentucky (Doc. # 10).

This 9th day of January, 2013.



G:\DATA\ORDERS\London\12-203 Order denying DE 3.wpd